## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LEONARD FRANK MARTINEZ,

        Petitioner,

v.                                         No. CIV 02-813 MV/LFG

RON LYTLE, Warden, and
PATRICIA A. MADRID, Attorney General
for the State of New Mexico,

        Respondents.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### Findings

1.        On July 5, 2002, Leonard Frank Martinez ("Martinez") filed a petition for writ of

habeas corpus under 28 U.S.C. § 2254.  [Doc. 1.]  On August 22, 2002, Respondents filed their

Answer.  [Doc. 9.]  Based on the pleadings and the pertinent law, the Court now recommends that

Martinez's § 2254 petition by denied on grounds of untimeliness and that the case be dismissed, with

prejudice.

---

[1]Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations.  A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

2.      Martinez has been confined[2] in the Central New Mexico Correctional Facility in Los Lunas, New Mexico.  His Petition challenges the judgment and sentence entered by the Second Judicial District Court in State v. Martinez, CR 97-3982 (County of Bernalillo, New Mexico).  In October 1996, Martinez was driving under the influence when he had an accident with another vehicle.  Two people in the other vehicle were injured as a result of the accident.

3.      On March 2, 1999, Martinez entered a Repeat Offender Plea and Disposition Agreement, admitting guilt to two counts of great bodily injury by vehicle (DWI) and one count of driving while under the influence.  The Plea also contained an admission by Martinez that he had committed three prior DWI offenses.

4.      On November 15, 1999, Martinez was sentenced to a total period of confinement of 7 ½ years:  3 years for each count of great bodily injury and 1 ½ years for driving while under the influence.  [Judgment, Sentence and Commitment, Ex. A to Doc. 9.]

5.      Martinez did not take a direct appeal of his conviction.  However, he did file a motion to reconsider in late October 1999, and a motion for modification of his sentence in late February 2000.  The state district court denied both motions.  [January 5, 2000 and March 6, 2000 Orders, attached as Exs. D and F to Doc. 9.]

6.      On about June 29, 2000, Martinez filed a state habeas petition, contending that the injuries to the two passengers did not meet the statutory definition of "great bodily injury."  His argument could be construed to be a claim that he did not knowingly enter a plea of guilty to the two separate charges of great bodily injury.  In addition, his petition argued that he was subjected to two

---

[2]According to the Government's Answer, Martinez's anticipated release date was September 17, 2002. However, even if he now has been released, he may seek relief from collateral consequences of his conviction.

punishments for one course of conduct in violation of the double jeopardy clause.  He requested that both counts of great bodily injury be set aside.  [State Habeas Petition, Ex. G to Doc. 9.]

7.      On July 6, 2000, the state district court denied his petition for writ of habeas corpus. On August 18, 2000, Martinez filed a motion to alter or amend judgment and a "reply" to the Court's July 6, 2000 Order.  The Court denied that motion.  Martinez filed a Motion for Rehearing on September 15, 2000, that was also denied in a Court Order entered September 22, 2000.  [Exs. H, I, J, K, L, attached to Doc. 9.]

8.      On September 21, 2000, Martinez filed a Petition for Writ of Certiorari.  He argued again that he was factually innocent as to the statutory definition of "great bodily injury" and further asserted that he was denied effective assistance of counsel with respect to the plea negotiations where he pled guilty to two charges of great bodily injury.  He also raised the double jeopardy argument. On October 19, 2000, the New Mexico Supreme Court directed the State to respond to Martinez's petition.  In its response, the State stated that Martinez's only possible ground for relief was the vacation of the DWI conviction (1 ½ years incarceration) based on the State's agreement that the DWI conviction should merge with the greater offenses of great bodily harm by a vehicle (DWI).  The State argued that all other claims raised by Martinez should be dismissed.  [Exs. N, O, attached to Doc. 9.]

9.      On December 20, 2000, the New Mexico Supreme Court entered an Order granting Martinez's petition in part.  The Court remanded the case to the district court so that it could vacate Martinez's conviction and sentence for DWI.  The New Mexico Supreme Court, without discussion, denied all other requests contained in Martinez's petition.  [Ex. P, attached to Doc. 9.]

10.     On February 6, 2001, Martinez filed a motion to modify "illegal sentence," requesting that the district court strike one count of great bodily injury in addition to vacating the conviction and sentence for DWI.  [Ex. T, attached to Doc. 9.]  On March 12, 2001, the state district court entered an Amended Judgment, Sentence and Commitment, vacating the DWI conviction and sentence.  The Amended Judgment reduced Martinez's sentence to six years of confinement.  [Ex. U, attached to Doc. 9.]  On April 2, 2001, the state district court denied Martinez's motion to modify illegal sentence.  [Ex. X., attached to Doc. 9.]

11.     On April 20, 2001, Martinez filed a Notice of Appeal with respect to the court's denial of his request for modification and from "all rulings leading up to it."  [Ex. Y, attached to Doc. 9.] Martinez argued that the district court erred by not striking one of the two counts of great bodily injury.  The New Mexico Court of Appeals proposed that Martinez was actually requesting to re-open the matter for additional collateral review and that he, in essence, was attacking his original sentence that the New Mexico Supreme Court left in tact when it remanded to the district court to vacate the DWI sentence.  The Court of Appeals ultimately dismissed Martinez's appeal on grounds that it had no jurisdiction over his requests because Martinez had already triggered habeas proceedings and had raised this same issue before the New Mexico Supreme Court that was rejected. [Ex. CC, DD, attached to Doc. 9.]

12.     On August 16, 2001, Martinez filed a petition for writ of certiorari claiming that the Court of Appeals committed error in concluding that Martinez's motion to modify sentence was barred and in failing to reach his double jeopardy argument.

13.     On September 19, 2001, the New Mexico Supreme Court denied Martinez's petition, and on November 15, 2001, the Court of Appeals remanded the cause to the state district court "for

any further proceedings consistent with the Supreme Court's order." [Exs. FF, GG, attached to Doc. 9.]

14.     On July 5, 2002, Martinez filed this federal habeas petition.  Respondent contends, *inter alia*, that Martinez's petition is barred by the one-year limitation period contained in 28 U.S.C. § 2244(d).  The Court agrees.

### *Analysis*

15.     The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, § 101, 110 Stat. 1321 (codified at 28 U.S.C. § 2244(d)), amended federal habeas corpus procedures by adding a one-year limitations period for § 2254 petitions.  AEDPA became effective on April 24, 1996.  *See* United States v. Simmonds, 111 F.3d 737, 745 n. 10 (10th Cir. 1997). Martinez was convicted and sentenced after this date, and his current federal habeas petition is therefore subject to the one-year limitation period of AEDPA.

16.     28 U.S.C. § 2244(d)(1)(A) provides that the one-year limitations period begins to run from the date on which the judgment of conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."  Martinez did not take an appeal from his original judgment and sentence[3] that was entered November 15, 1999.  If Martinez had taken a direct appeal, the expiration for seeking review of any adverse decision was 90 days from the date of the entry of judgment.[4]  Because Martinez took no direct appeal, however, the judgment and sentence

---

[3]The one-year limitations period begins to run, in this case, from Martinez's original judgment and sentence because Martinez continues to challenge that original sentence based on the argument that one or both of the charges of great bodily injury should be vacated.  Thus, the original judgment is the pertinent judgment.  The amended judgment and sentence, entered March 12, 2001, vacated his DWI conviction and is not the subject of Martinez's double jeopardy challenge.

[4]A petition for a writ of certiorari to review a judgment in a civil case, entered by a state of last resort, may be filed within ninety days from the date of the entry of judgment.  Rule 13 of the Rules of the Supreme Court.

became final for purposes of AEDPA on December 15, 1999, thirty days after the judgment and sentence was entered, which was the deadline for filing a direct appeal. <u>Fitts v. Williams</u>, 232 F.3d 901 (Table), 2000 WL 1480494 at *1 (10th Cir. Oct. 6, 2000).

17.     In accordance with AEDPA, the statute of limitations for filing Martinez's federal habeas petition would have expired December 15, 2000, if there were no tolling of that period while Martinez requested state post-conviction relief.

18.     The AEDPA allows for suspension of the one-year limitations period during the time "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). In other words, if the prisoner files proper applications for state post-conviction relief or other collateral review, those times will not be counted towards the one-year limitations period. <u>Id.</u> Martinez benefits from some tolling during the pendency of his state post-conviction or collateral review applications, as is discussed below.

19.     The Court finds that Martinez's federal habeas petition was not filed within the one-year limitations period, based on the following calculations:

(a)     between December 15, 1999 and June 29, 2000 (the date Martinez filed his state habeas petition), Martinez used 195 days of the one-year limitations period;

(b)     the one-year limitations period is tolled between June 29, 2000 and December 20, 2000 (the date Martinez's state habeas petition was granted in part and denied in part), because Martinez properly filed for State post-conviction relief and awaited resolution of that petition during that time frame;

(c)     between December 20, 2000 and February 6, 2001, when he filed a motion to modify sentence, Martinez used an additional 47 days of the one-year limitations period;

(d)     the one-year limitations period is tolled between February 6, 2001 and September 19, 2001, when the New Mexico Supreme Court denied Martinez's petition, because Martinez's requests during this period could be considered proper applications for state post-conviction relief and/or "other collateral review;"

(e)     between September 19, 2001[5] and July 5, 2002 (when he filed his federal habeas petition), Martinez used another 288 days of the one-year limitations period;

(f)     thus, Martinez used 530 days, which is more than five months over the one-year limitations period for filing his federal habeas petition, and it is, therefore, time-barred.

20.     Martinez offers no argument to support equitable tolling of any of the time counted against him, nor any other grounds to support additional statutory tolling. Moreover, the Tenth Circuit has recognized equitable tolling only in limited circumstances, none of which are present here. *See* Boyd v. Ward, 2002 WL 31772012 (10th Cir. Dec. 12, 2002) (equitable tolling available only in "rare and exceptional circumstances" and where inmate "diligently pursued his claims and demonstrated that the failure to timely file was caused by extraordinary circumstances beyond his control") (internal citations omitted). Here, Martinez did not present evidence of rare and exceptional

---

[5]The Court recognizes that after the New Mexico Supreme Court entered the September 19, 2001 Order denying Martinez's petition, the Court of Appeals filed a mandate on November 15, 2001, remanding the matter to district court. However, the Tenth Circuit has held that the limitations period does not run from the date a mandate is issued. Instead, the time runs from the date of the entry of judgment or order sought to be reviewed, etc. *See* United States v. Richardson, 2000 WL 676009, at *1 n.3 (10th Cir. May 24, 2000), *cert. denied*, 531 U.S. 971 (2000); Reed v. U.S.A., No. CIV 02-628 BB/WWD (D.N.M. Sept. 23, 2002) (finding that § 2255 petition was not timely filed). In this case, even giving Martinez every benefit of the doubt, it would make no difference if the date of the November 15, 2001 mandate were used to calculate Martinez's limitations period instead of the September 19, 2001 order. This is true because Martinez was outside the one-year limitations period by well over two months.

circumstances to justify additional tolling nor any explanation to excuse his late filing.  Thus, the Court finds that his § 2254 habeas petition is time-barred.

**<u>Recommended Disposition</u>**

That Martinez's Petition [doc. 1] be denied and that the action be dismissed with prejudice.


_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge